*E-Filed 11/9/15*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE MIGUEL BAIRES,　　　　　　　　　　No. C 15-3635 RS (PR)

　　　　Petitioner,　　　　　　　　　　　　　**ORDER TO SHOW CAUSE**

　　　　v.

LORETTA E. LYNCH, and
JEH C. JOHNSON,

　　　　Respondents.
　　　　　　　　　　　　　　　　　　　　/

## INTRODUCTION

Petitioner seeks federal habeas relief from his continued detention by the United States Immigration and Custom Enforcement ("ICE"). To this end he has filed a petition under 28 U.S.C. § 2241. In response to the petition, respondents shall file an answer or a dispositive motion on or before February 10, 2016.

## BACKGROUND

The following facts come from the petition. Petitioner, an alien housed at the Etowah County Detention Center in Gadsden, Alabama, challenges his continued detention and the denial of his application for release on bail pending removal. He asserts that ICE has held

him in custody since February 2013.[1]  In April 2013, an immigration judge ("IJ") sitting in the Northern District of California ordered him removed.  His appeals of the removal order were dismissed.  He applied for a bond re-determination, which was denied by the IJ in December 2014.  His appeal of the bond decision to the Board of Immigration Appeals was dismissed in April 2015.  This federal habeas petition followed.

**DISCUSSION**

District courts have habeas jurisdiction under 28 U.S.C. § 2241 to review an immigration judge's bond hearing determination for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011).  Petitioner alleges that the denial of bail and his continued detention violate his right to due process.  When his allegations are liberally construed, it appears that petitioner has stated cognizable habeas claims under section 2241.

**CONCLUSION**

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondents and respondents' counsel.  The Clerk shall also send a copy of the petition to the Attorney General of the United States in Washington, DC, and on petitioner.

2. Respondents shall file with this Court and serve upon the petitioner, within ninety (90) days of the issuance of this order, an answer responding to the allegation of the petition and showing cause why a writ of habeas corpus should not be issued.  Respondents shall file with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it upon respondents within thirty (30) days after the date the answer is filed.

---

[1] It is unclear whether he has been held since 2012 or 2013.  In one filing, he states that ICE has held him since February 2013.  (Docket No. 1 at 2.)  In another, he alleges that the Department of Homeland Security arrested him in February 2012.  (Docket No. 2 at 2.)

4. In lieu of an answer, respondents may file, within ninety (90) days of the date this order is filed, a motion to dismiss on procedural grounds. If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

7. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED**.

DATED: November 9, 2015

RICHARD SEEBORG
United States District Judge