**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE MIGUEL BAIRES,

          Petitioner,

   v.

LORETTA E. LYNCH, U.S. Att'y Gen.;
JEH C. JOHNSON, Secretary of
Homeland Security,

          Respondents.

No. C 15-03635 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas relief from his continued detention by United States Immigration and Custom Enforcement ("ICE"). To this end he has filed a petition under 28 U.S.C. § 2241. Respondents move to dismiss the petition as moot. Petitioner has not filed any response to the motion. For the reasons stated herein, the motion is GRANTED, and the petition is DISMISSED.

## BACKGROUND

The following facts are undisputed. Petitioner, a native and citizen of El Salvador, is facing deportation following a felony conviction. In 2011, he was convicted in federal court

of possessing marijuana with intent to distribute. He was sentenced to 30 months in federal prison. Consequent to this conviction, the Department of Homeland Security sought in 2013 to have him removed from the United States. At his removal hearing in April 2013 in the Northern District, petitioner admitted to allegations that he was an alien who had violated a controlled substance law. The immigration judge ("IJ") sustained the charge of removability and ordered petitioner removed to El Salvador. His appeals of the removal order to the Bureau of Immigration Appeals ("BIA") and then to the Ninth Circuit were denied. The Ninth Circuit issued its mandate on February 4, 2015.

In December 2014, during the pendency of his appeals, petitioner had a bond hearing at which the IJ ordered him detained without bond under 8 U.S.C. § 1226(a) because he was a danger to the community and a flight risk. His appeal of his detention without bond was denied by the BIA on April 5, 2015. This federal habeas petition followed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention statutes. *Zadvydas v. Davis*, 533 U.S. 678, 687–89 (2001); *see also Denmore v. Kim*, 538 U.S. 510, 516–17 (2003).

**DISCUSSION**

Petitioner seeks relief from the denial of release on bond and from an order of detention issued under 8 U.S.C. § 1226(c), which mandates the detention of aliens with certain criminal convictions during the pendency of their removal proceedings. Respondents contend that his current detention is based on a different statute, that is, 8 U.S.C. § 1231, thereby rendering moot his petition seeking relief from detention under section 1226(c).

To determine whether petitioner is entitled to relief from custody, the Court first must determine what statute authorizes his detention. Where an alien falls within the immigration "statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his

detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

Title 8 U.S.C. § 1226 governs pre-removal detention of an alien. Section 1226(a) authorizes immigration officials to arrest and to detain or release an alien during the pre-removal period pending a decision on whether the alien is to be removed from the United States. The authority given to immigration officials pursuant to section 1226(a) to release an alien on bond during the pre-removal period applies in all circumstances "[e]xcept as provided in subsection (c) of this section." Section 1226(c) provides for mandatory detention of certain criminal aliens without a bond hearing and provides, in relevant part: "[t]he Attorney General shall take into custody any alien who — (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." Those offenses include violations of laws relating to controlled substances.

After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period"). 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B)(i)–(iii).

A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231. *See, e.g., De la Teja v. United States*, 321 F.3d 1357, 1361–64 (11th Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); *Ufele v. Holder*, 473 F. App'x 144, 146 (3rd Cir. 2012) (per curiam) (stating that when removal order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's

challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231.").

The petition will be dismissed as moot. When the Ninth Circuit issued its final order on February 4, 2015, the Attorney General's authority to detain petitioner automatically shifted to 8 U.S.C. § 1231, thereby rendering moot petitioner's challenge to his detention and denial of release on bond under 8 U.S.C. § 1226. *See* 8 U.S.C. § 1231(a)(1)(B)(ii).[1]

The Court will not construe the petition as a challenge to his detention under section 1231. Petitioner's contentions are based solely on law relevant to section 1226 and the denial of release on bond under that statute. Also, he admits that detention under section 1231 raises different concerns and claims. (Pet. at 4.) Petitioner may of course file a new petition challenging his detention under section 1231.

## CONCLUSION

The motion to dismiss the petition as moot (Docket No. 14) is GRANTED. The petition is DISMISSED. The Clerk shall terminate Docket No. 14, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED**.

DATED: August 29, 2016

RICHARD SEEBORG
United States District Judge

---

[1] Petitioner admits as much. "While the Respondents would have a compelling government interest in detaining the Petitioner in a 'pending decision on whether the alien is to be removed from the United States,' that interest does not exist if he is [not] in the removal period under Section 1231." (Pet. at 4.) The brackets around "not" are in the original.